**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KABITA CHOUDHURI, | No. 17-15192 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-03608-VC |
| v. | |
| WELLS FARGO BANK, N.A.; TREENA BERLINSKY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Kabita Choudhuri appeals pro se from the district court's order denying her

motion for a preliminary injunction in her action concerning a mortgage loan. We

have jurisdiction under 28 U.S.C. § 1292(a). We review for an abuse of discretion.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying as moot Choudhuri's motion for a preliminary injunction because Choudhuri failed to establish a likelihood of irreparable harm in light of Wells Fargo's agreement to maintain the status quo pending the outcome of this case. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief . . . .").

The district court did not abuse its discretion by denying Choudhuri's motion for reconsideration because Choudhuri failed to demonstrate any basis for reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Contrary to Choudhuri's contention, the district court was not required to hold a hearing and allow oral argument prior to ruling on the preliminary injunction motion. *See* N.D. Cal. Civ. L.R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument or by telephone conference call.").

We reject as unsupported by the record Choudhuri's contention that the

17-15192

district court failed to provide adequate notice that the preliminary injunction motion would be considered at the January 17, 2017 case management conference.

**AFFIRMED.**